**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **JAYMES D. AUSICK,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:07-cv-1001-PMW** |
| **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Jaymes D. Ausick's ("Plaintiff") appeal of Michael J. Astrue's (the "Commissioner") final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument would not be helpful or necessary in this case.

**RELEVANT BACKGROUND**

Plaintiff applied for SSI on March 16, 2005, alleging disability beginning on March 1, 2005, due to learning problems and delayed physical development.[1] After Plaintiff's applications were denied initially and upon reconsideration,[2] he requested a hearing before an Administrative

---

[1] *See* docket no. 4, Administrative Record ("Tr. ____"), 59-63.

[2] *See* Tr. 22-34.

Law Judge ("ALJ"),[3] and that hearing was held on July 25, 2007.[4]  The ALJ issued a written

decision on August 7, 2007, denying Plaintiff's claim for SSI and determining that Plaintiff could

perform a reduced range of light work.[5]  On August 15, 2007, Plaintiff filed a request for review

of the ALJ's decision.[6]  On October 29, 2007, the Appeals Council denied Plaintiff's request for

review, making the ALJ's August 7, 2007 decision the Commissioner's final decision for

purposes of judicial review.[7]  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On December 26, 2007, Plaintiff filed his complaint in this case, which was assigned to

Magistrate Judge Paul M. Warner, pending the parties' consent to having a United States

Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with

appeal to the United States Court of Appeals for the Tenth Circuit.[8]  Because both parties

provided their consent, this case proceeded before Magistrate Judge Paul M. Warner pursuant to

28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[9]

---

[3] *See* Tr. 35.

[4] *See* Tr. 256-93.

[5] *See* Tr. 10-20.

[6] *See* Tr. 8.

[7] *See* Tr. 4-6.

[8] *See* docket no. 1-2, 5, 7.

[9] *See* docket nos. 8, 9.

On March 14, 2008, the Commissioner filed his answer to Plaintiff's complaint,[10] and the court received the Administrative Record the same day.[11]  Plaintiff filed his opening brief on June 25, 2008.[12]  The Commissioner filed his responsive brief on August 28, 2008.[13]  Plaintiff filed his reply brief on September 18, 2008.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been

---

[10]  *See* docket no. 3.

[11]  *See* docket no. 4.

[12]  *See* docket no. 11-13.

[13]  *See* docket no. 14-15, 17.

[14]  *See* docket no. 16.

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)

(quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is

disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-

51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one

of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See*

20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently
> engaged in substantial gainful activity. If [the claimant] is,
> disability benefits are denied. If [claimant] is not, the decision
> maker must proceed to step two: determining whether the claimant
> has a medically severe impairment or combination of
> impairments. . . . If the claimant is unable to show that his
> impairments would have more than a minimal effect on his ability
> to do basic work activities, he is not eligible for disability benefits.
> If, on the other hand, the claimant presents medical evidence and
> makes the *de minimis* showing of medical severity, the decision
> maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R.

§ 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed

impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the

impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751

(quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the

claimant must show that the impairment prevents performance of his "past relevant work." 20

4

C.F.R. § 416.920(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not disabled."  *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."  *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."  *Id*.  At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] to perform other work in the national economy in view of his age, education, and work experience."  *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled.  If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred by:  (1) failing to propound a hypothetical to the vocational expert ("VE") that included all of Plaintiff's impairments, (2) failing to consider all the evidence, (3) failing to consider all of Plaintiff's diagnosed impairments, and (4) misstating the evidence. The court will consider each argument in turn.

### I.  VE Hypothetical

Plaintiff argues that the ALJ erred in the hypothetical given to the VE because that hypothetical did not contain a limitation concerning fine motor control.  For the following reasons, that argument fails.  First, as asserted by the Commissioner, Plaintiff has not identified a specific, work-related limitation that the ALJ failed to include in the hypothetical given to the

VE.  Instead, Plaintiff merely asserts that ALJ failed to address "fine motor control issues" in that hypothetical.[15]

Second, the record contains conflicting evidence about Plaintiff's "fine motor control issues."[16]  The record contains a report from an occupational therapist, Cindy Rogers, which indicates that Plaintiff was able to manipulate objects without difficulty.[17]  The record also contains a psychological evaluation prepared by Dr. Linda J. Gummow, which indicates that while Plaintiff had impairments to his fine motor skills, those skills were adequate for many occupational purposes.[18]  Dr. Gummow also indicated that Plaintiff would not do well in situations requiring "rapid fine-motor responses."[19]  The record also contains a report prepared by one of Plaintiff's former teachers, Emily Liddell, which states that Plaintiff did have problems with fine motor skills but indicates only that those problems affected his handwriting.[20]  The record additionally contains the testimony of the medical expert ("ME"), Dr. Ronald P. Houston, in which he indicated that while Plaintiff had below average fine motor speed in unstructured settings, Plaintiff could compensate for that deficit in more structured situations.[21]  Finally, the

---

[15]  Docket no. 12 at 8.

[16]  *Id*.

[17]  *See* Tr. 147.

[18]  *See* Tr. 168.

[19]  *Id*.

[20]  *See* Tr. 117.

[21]  *See* Tr. 273-74.

ALJ's decision specifically indicates that Plaintiff's statements concerning his impairments and limitations were considered but found to be not entirely credible.[22]  Notably, Plaintiff has not challenged that conclusion.  Given the above-referenced evidence, the court cannot say that the ALJ erred by failing to articulate a specific limitation with respect to fine motor skills in the hypothetical posed to the VE.  Indeed, it is the ALJ's role to weigh the evidence and resolve any conflicts in the record, and this court will not reweigh the evidence.  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Third, even if the court assumes solely for the sake of argument that the ALJ did err by failing to include the limitation Plaintiff requests, the court would conclude that any such error was harmless.  *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing that harmless error analysis is applicable in the Social Security context).  Near the beginning of the VE's testimony, the ALJ instructed the VE to use the testimony of ME in answering the hypothetical.[23]  As indicated above, in his testimony, the ME indicated that while Plaintiff had below average fine motor speed in unstructured settings, Plaintiff could compensate for that deficit in more structured situations.[24]  After hearing the testimony of the ME and the hypothetical posed by the ALJ, the VE testified that a person with Plaintiff's limitations, including a failure to keep up with production rates, could perform 50 percent of the jobs in the

---

[22]  *See* Tr. 18.

[23]  *See* Tr. 275.

[24]  *See* Tr. 273-74.

national economy for the specific jobs of medical assembler, small parts assembler, and laundry sorter.[25]  In the court's view, even if the ALJ's failure to specifically identify any limitation relative to fine motor skills could be considered an error, it was remedied by the ALJ's instruction that the VE was to consider the testimony of the ME and the VE's reduction of the available jobs in the national economy based on Plaintiff's limitations.  *See id.*

For these reasons, the court concludes that the ALJ did not err in the hypothetical given to the VE.

## II.  Consideration of Evidence

Plaintiff argues that the ALJ failed to consider any evidence of Plaintiff's fine motor control and visual memory deficits.  For reasons similar to those explained in the previous section, that argument is without merit.  First, as noted by the Commissioner, Plaintiff has not identified any specific, work-related limitations relative to fine motor control or visual memory that the ALJ failed to incorporate into Plaintiff's RFC.  Instead, Plaintiff merely asserts that ALJ failed to consider the evidence on those two issues.

Second, as the court concluded in the previous section, given the evidence in the record relative to fine motor control, the court cannot say that the ALJ failed to consider it.  Instead, it appears that the ALJ did consider and weigh that evidence in deciding not to incorporate a fine motor control limitation into Plaintiff's RFC.  As noted above, it is the ALJ's role to weigh the

---

[25]  *See* Tr. 285-89.

evidence and resolve any conflicts in the record, and this court will not reweigh the evidence.
*See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

Third, as with the issue of fine motor control, the record contains conflicting evidence about Plaintiff's visual memory. Ms. Rogers indicated that Plaintiff had no difficulties with visual tracking.[26] Dr. Gummow stated that Plaintiff "was thought to have" visual memory problems, but that they "could not be evaluated in the context of the current examination."[27] In addition, Dr. Houston testified that while Plaintiff had slower visual processing speed, that did not preclude him from assembly work.[28] Finally, as noted previously, the ALJ's decision specifically indicates that Plaintiff's statements concerning his impairments and limitations were considered but found to be not entirely credible,[29] and Plaintiff has not challenged that conclusion. In light of the evidence in the record relative to visual memory, the court cannot say that the ALJ failed to consider it. Instead, it appears that the ALJ did consider and weigh that evidence in deciding not to incorporate a limitation concerning visual memory into Plaintiff's RFC. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

Finally, even if the court assumes solely for the sake of argument that the ALJ did err by failing to include limitations concerning Plaintiff's fine motor control and visual memory into Plaintiff's RFC, the court would conclude that any such error was harmless. *See Fischer-Ross*,

---

[26] *See* Tr. 147.

[27] Tr. 169.

[28] *See* Tr. 281-82.

[29] *See* Tr. 18.

431 F.3d at 733-34.  As to fine motor control, the harmless error analysis from the previous section applies with equal weight to this argument.  With respect to visual memory, a similar analysis applies.  During the VE's testimony, Plaintiff's counsel asked the VE whether Plaintiff could perform the jobs of medical assembler, small parts assembler, and laundry sorter if his slower visual processing speed required him to refer to instructions more often than other workers.[30]  The VE testified that assembly-type work was best suited for the use of diagrams and picture models and that Plaintiff could still perform a significant number of those jobs with a slower production rate.[31]  In the court's view, even if the ALJ's failure to include a limitation concerning Plaintiff's visual memory into Plaintiff's RFC could be considered an error, it was remedied by that exchange during the VE's testimony.  *See id*.

For these reasons, the court concludes that the ALJ did not err in his consideration of the evidence.

### III.  Consideration of Plaintiff's Diagnosed Impairments

Plaintiff argues that the ALJ erred by failed to consider Plaintiff's diagnosed impairments in fine motor coordination and visual memory.  As noted by the Commissioner, however, the doctors who evaluated Plaintiff did not diagnose Plaintiff with impairments in fine motor coordination or visual memory.  Indeed, Dr. Gummow diagnosed Plaintiff with "Cognitive Disorder NOS," "Reading Disorder," "Disorder of Written Expression," and "Fetal exposure to

---

[30]  *See* Tr. 277.

[31]  *See* Tr. 278, 285-89.

gestational diabetes, infantile seizure disorder, an early ear problems";[32] Dr. John D. Hardy

diagnosed Plaintiff with "R/O Learning Disorder NOS" and "Allergies";[33] and Dr. George Coffee

diagnosed him with a learning disorder.[34]  Accordingly, the ALJ's determination that Plaintiff's

severe impairments consisted of cognitive and learning disorders[35] accurately reflected the

diagnosed impairments in the record.

 Plaintiff argues in his reply that whether his impairments in fine motor coordination and

visual memory were diagnosed impairments "is not the issue."[36]  Instead, Plaintiff asserts that

those impairments were "listed in the record," but the ALJ failed to address them.[37]  However, as

the court has discussed in the preceding sections of this memorandum decision and order, the

ALJ did in fact consider and weigh the evidence relative to Plaintiff's fine motor

coordination/control and visual memory.  Therefore, to the extent that Plaintiff argues that the

ALJ failed to consider those issues, the court concludes that argument is without merit, for the

same reasons set forth in the preceding sections of this memorandum decision and order.

---

[32]  Tr. 169.

[33]  Tr. 173.

[34]  *See* Tr. 184.

[35]  *See* Tr. 15.

[36]  Docket no. 16. at 3.

[37]  *Id*.

## IV.  Misstatement of Evidence

Plaintiff argues that one statement in the ALJ's decision is not technically correct and, therefore, the ALJ's decision is not supported by substantial evidence.  In the portion of the decision to which Plaintiff refers, the ALJ wrote:  "[Dr. Gummow] stated that once [Plaintiff] masters movement and routine, his speed picks up."[38]  However, a review of Dr. Gummow's evaluation indicates that Dr. Gummow actually stated:  "[Plaintiff] indicated that once he masters the movements and routines, his speed picks up."[39]  Plaintiff aruges that this minor error mandates the conclusion that the ALJ's decision is not based on substantial evidence.

The court disagrees.  Further, the court agrees with the Commissioner's assertion that this argument merits little discussion.  When the court reads the above-referenced portion of Dr. Gummow's evaluation in context, it is clear that she was accepting Plaintiff's statement.  Indeed, she relies upon that statement in recommending the type of tutoring and mentoring Plaintiff would need if he attended technical school.[40]  While it is true that Dr. Gummow did not make the statement herself, the court does not view the ALJ's characterization of it as a gross misstatement, as argued by Plaintiff.  At most, the court views it as a minor oversight and misrepresentation.  Furthermore, it is not lost on the court that Plaintiff has failed to explain how that minor misrepresentation compels the conclusion that the ALJ's entire decision is not supported by substantial evidence.  The court has determined that Plaintiff's conclusory claims to

---

[38]  Tr. 18.

[39]  Tr. 170.

[40]  *See id*.

that end are neither persuasive nor compelling.  Accordingly, the court concludes that this

argument fails.

### CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail.  Accordingly, **IT IS HEREBY**

**ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 24th day of March, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

13